CHICAGO, B. & Q. R. CO. v. BOARD OF COM'RS OF REPUBLIC COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. April 22, 1895.)

No. 485.

TAXATION—EQUALITY—KANSAS CONSTITUTION AND STATUTE.

The constitution of Kansas provides that "the legislature shall provide for a uniform and equal rate of assessment and taxation." Article 11, § 1. The statutes provide that railroad property shall be assessed by a state board of assessors, and other property by city and county assessors. In 1893 the state board assessed railroad property at its full value, but the assessors of R. county, pursuant to an agreement among themselves, assessed the other property in the county at one-third of its value. The C. Ry. Co. paid its state taxes in full, and tendered to the county of R. the amount that would have been due it for taxes if the property of the railway company had been assessed upon the same basis as other property. *Held*, following the decisions of the supreme court of Kansas, that the railway company was entitled to an injunction to restrain the county from collecting the remainder of the tax.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was a suit by the Chicago, Burlington & Quincy Railroad Company against the board of county commissioners of the county of Republic and the county treasurer of the county to enjoin the collection of a tax. The circuit court dismissed the bill. Complainant appealed.

W. F. Guthrie, for appellant.

John T. Little, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The appellant, the Chicago, Burlington & Quincy Railroad Company, filed its bill in the circuit court of the United States for the district of Kansas against the board of county commissioners of the county of Republic and the county treasurer of the county, the appellees, praying to enjoin the collection of a part of the county taxes assessed and levied on the property of the railroad company in the county of Republic. Under the laws of Kansas, railroad property is valued for taxation by a state board of railroad assessors; other property is valued for taxation by city and county assessors. The constitution of the state declares that "the legislature shall provide for a uniform and equal rate of assessment and taxation" (section 1, art. 11), and the statute provides that all property shall be assessed at its true value. For the year 1893 the state board of assessors assessed the appellant's property at its true and actual value; but, in pursuance of an agreement entered into between the trustees, sitting and acting

as a body of assessors for Republic county, the city and township assessors of that county agreed to value, and did value and assess, all other property in that county, for the purpose of taxation for that year, at 33⅓ per cent. of its true value. The appellant paid the state taxes in full, and tendered unconditionally to the proper collector of the revenue for the county, which tender was accepted without prejudice, the full amount of county and local taxes that would have been due and collectible upon its property in the county if it had been valued and assessed for purposes of taxation by the rule adopted and carried out by the city and township assessors in valuing and assessing for taxation all other kinds of property in the county.

The bill raises no federal question, and the rights of the parties must be determined by the laws of the state applicable to the case. The circuit court, in deference, probably, to what was said by the supreme court of Kansas in Adams v. Beman, 10 Kan. 37, and Challiss v. Rigg, 49 Kan. 119, 30 Pac. 190, dismissed the bill. After this case was decided below, and since its submission in this court, the opinions of the supreme court of Kansas in the cases referred to have come under the review of that court in the case of Chicago, B. & Q. R. Co. v. Board of County Com'rs, 39 Pac. 1039. We have been furnished with a manuscript copy of the opinion of the court, from which it appears that, in a case on all fours with the case at bar, that court held that the railroad company was entitled to the relief sought by the appellant in this case. The opinion of the court was delivered by Chief Justice Horton, and the headnote, which by a law of that state is required to be prepared by the judge delivering the opinion, and to express the exact ruling of the court, reads as follows:

"By the Court, Horton, C. J.: (1) * * * Adams v. Beman, 10 Kan. 37, and Challiss v. Rigg, 49 Kan. 119, 30 Pac. 190, distinguished. (2) In 1893 the property of the Chicago, Burlington & Quincy Railroad Company in Atchison county was assessed by the state board of railroad assessors at its true and actual value. The city and township assessors of that county, upon an agreement entered into between themselves, assessed in 1893 all of the other property of the county at twenty-five per cent of its true value, and the property of the county, except the railroad property, was taxed in 1893 upon such twenty-five per cent. assessment. Subsequently the railroad company tendered to the county treasurer of Atchison county the full amount of all of the state taxes which were levied on its property, and also an amount for the county and other taxes equal to that assessed on other property of the county, and then brought its action to enjoin the county authorities from collecting the remainder. Held, that the railroad company is entitled to an injunction to restrain the collection of the illegal excess."

Inasmuch as the state law, as construed and expounded by its supreme court, furnishes the rule of decision in this case, the decree of the circuit court is reversed, and the cause remanded, with directions to enter a decree as prayed for in the bill.