## CHICAGO, B. & Q. R. CO. v. BOARD OF COM'RS OF NORTON COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. April 22, 1895.)

No. 486.

1 TAXES—SUIT TO ENJOIN COLLECTION—TENDER.

In the federal courts, the collection of a tax cannot be enjoined unless the party seeking the injunction has paid or tendered, unconditionally, so much of the tax as it is certain he should pay. An averment of readiness to pay, or a tender made in the bill, is not sufficient.

2. SAME—PRACTICE.

Where, in a suit to enjoin collection of a part of a tax, it appears that a tender has been made in good faith of the amount supposed to be due, but that the sum so tendered was in fact less than was due, the bill should not be dismissed absolutely, but an opportunity should be given to the complainant to pay the excess, together with costs and penalties. Chicago, B. & Q. R. Co. v. Board of Com'rs of Republic Co., 67 Fed. 411, followed.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was a suit by the Chicago, Burlington & Quincy Railroad Company against the board of county commissioners of the county of Norton, Kan., and the county treasurer of the county, to enjoin the collection of a tax. The circuit court dismissed the bill. Complainant appealed.

W. F. Guthrie, for appellant.

John T. Little, C. D. Jones, and David Overmyer, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This case is similar in all respects to that of Same Appellant v. Board of Com'rs of Republic Co. (No. 485; just decided) 67 Fed. 411, except in these particulars: The county assessors, by an agreement between themselves, assessed all property in the county, except the railroad, at 50 per cent, of its true value; but the appellant, believing it had been assessed at only 40 per cent. of its true value, tendered unconditionally, which tender was accepted without prejudice, the amount of taxes that would have been due upon its property in the county if it had been assessed at 40 per cent, of its true value. When it was ascertained that all other property in the county had been assessed at 50 per cent. of its true value, the appellant amended its bill by adding thereto: "Your orator here offering to do such further equity, in addition to such payment and tender, as your honors may deem just and equitable, your orator having heretofore done equity as your orator understood the same;" but made no further actual tender or payment.

In the federal courts no one can enjoin the collection of a tax until he has paid or made an unconditional tender of so much of the tax assessed against him as can be plainly seen he ought to pay. State Railroad Tax Cases, 92 U. S. 575, 616, 617; Bank v. Kimball, 103 U. S. 732. The tender made by the appellant in this case was not sufficient, and, when advised of the insufficiency of the tender by record evidence of the valuation by the county assessors of all

other property in the county for taxation, it merely amended its bill, offering to do equity. This was not a compliance with the rule. It should have paid or tendered unconditionally an amount of tax equal to that assessed on other property in the county. An averment of readiness to pay or a tender made in the bill is not sufficient in this class of cases. The tender must be made to the officer authorized to collect the taxes. It must be actual and unconditional, and made in money or in evidence of indebtedness of the county which by law of the state is made a legal tender in the payment of the taxes. We think it sufficiently appears from the record that the appellant supposed at the time the tender was made and the bill filed that the amount tendered equaled the tax assessed on other property in the county, and that the tender was made in good faith under that belief. In view of this fact, we do not think the mistake in the amount tendered should operate to deprive the appellant of all relief on final hearing. The decree of the circuit court is reversed, but at the costs of the appellant, and the cause remanded with direction to dismiss the bill unless, within 60 days after the filing of the mandate of this court in the court below, the appellant shall, by competent evidence, satisfy the circuit court that it has paid or tendered to the proper officer of the county the taxes on the 10 per cent. of valuation not heretofore paid or tendered, with all penalties and interest accrued thereon, and the costs of this suit in the circuit court, in which case the court will enter a decree enjoining the collection of the remainder of the taxes as prayed for in the bill.